UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEROME BROWN, JR.,

                  Plaintiff,

    v.

MEGAN J. BRENNAN, et al.,

                  Defendants.

CASE NO. C19-1331-JLR

REPORT AND RECOMMENDATION

      Plaintiff Jerome Brown, Jr., appearing *pro se*, filed an application to proceed *in forma pauperis* (IFP) and a proposed civil complaint. (Dkt. 1.) The IFP application is deficient in several respects, including a lack of clarity as to plaintiff's resources and the inclusion of a different name in the Written Consent for Payment of Costs portion of the form. Also, plaintiff's proposed complaint is difficult to decipher and does not appear to include any viable claims or basis for jurisdiction or venue in this Court. He identifies Maryland as his place of residence, names as defendants officials, employees, and a division all associated with the United States Post Office and located in Virginia and the District of Columbia, appears to allege some type of fraud and/or property damage, and includes documents associated with district court cases and other issues in the states in which the parties reside. (Dkt. 1-1.)

REPORT AND RECOMMENDATION
PAGE - 1

It further appears plaintiff has a history of filing numerous, repetitive, and frivolous lawsuits in the federal courts across the country. Two of the five cases filed in this Court in the past year have been dismissed as frivolous, *Brown v. USPS PMG*, C19-0295-RSM (Dkt. 9), and *Brown v. United States Marshall Service, et al.*, C19-1246-RAJ (Dkt. 11), and his filings reflect some four different addresses in Virginia and Maryland, *see id*. and *Brown v. Barr, et al.*, C19-1311-RSM; *Brown v. Robinson, et al.*, C19-1330-JCC; and *Brown v. Brennan*, *et al.*, C19-1331-JLR. At least three other district courts have limited plaintiff's ability to file new cases. *See Brown v. Walter, et al.*, C18-0320-RMP (E.D. Wash.) (Dkt. 2) (dismissing action filed without a filing fee or IFP application in light of litigious history; citing *Brown v. Lyons Mane Partnership*, No. 10-mc-7 (D. D.C. Mar. 1, 2010) (enjoining plaintiff from proceeding IFP), *aff'd* No. 10-7027 (D.C. Cir. June 7, 2010); *In re: Jerome J. Brown*, Misc. No. 04-465 (D. Md. Dec. 7, 2004) (deeming plaintiff a frequent litigator and imposing pre-filing restrictions); and *In re Brown*, No. 3:10-cv-00010 (E.D. Va. July 28, 2010) (limiting plaintiff to one lawsuit at a time pending in that district)).

In the current matter, given the location of defendants and contested events, venue is lacking. *See* 28 U.S.C. § 1391(a), (b) (venue is proper in a judicial district in which the defendants live or in which the cause of action arose); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986) ("A claim arises in any district in which a substantial part of the acts, events, or omissions occurred that gave rise to the claim.") When an action is filed in the wrong venue, a court must either dismiss the action or, when justice so requires, transfer the action to a different venue. 28 U.S.C. § 1406(a). The interests of justice do not mandate transfer of this case.

Under Federal Rule of Civil Procedure 12(h)(3), when it appears subject matter jurisdiction is lacking, the Court "shall dismiss the action" and may do so on its own initiative. *Munoz v.*

REPORT AND RECOMMENDATION
PAGE - 2

*Mabus*, 630 F.3d 856, 860 (9th Cir. 2010); *Csibi v. Fustos*, 670 F.2d 134, 136 n.3 (9th Cir. 1982). An action may be dismissed for lack of subject matter jurisdiction, without leave to amend, when it is clear the jurisdictional deficiency cannot be cured by amendment. *May Dep't Store v. Graphic Process Co.*, 637 F.2d 1211, 1216 (9th Cir. 1980). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (internal quotation marks and sources omitted). Further, pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court may deny an application to proceed IFP and should dismiss a complaint if it is frivolous or fails to state a claim upon which relief may be granted. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff fails to plead sufficient allegations to show a proper basis for a federal court to assert subject matter jurisdiction over the action. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Considering both plaintiff's submissions in the current case and his litigation history, there is no reasonable basis for concluding the jurisdictional deficiency could be cured by amendment. Further, given that this action appears frivolous and fails to state a claim upon which relief may be granted, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B).

Because of the deficiencies in the IFP application and proposed complaint, the request to proceed IFP should be DENIED and this case DISMISSED without prejudice. 28 U.S.C. § 1915(e)(2)(B), and Fed. R. Civ. P. 12(h)(3). A proposed order of dismissal accompanies this Report and Recommendation.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and

REPORT AND RECOMMENDATION
PAGE - 3

Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 13, 2019**.

DATED this 29th day of August, 2019.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4